IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JEFFREY HARDMAN,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA; SUPREME COURT OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 13-141-BLG-SEH-CSO<br><br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On November 5, 2013, Petitioner Jeffrey Hardman moved to proceed in forma pauperis with this action under 28 U.S.C. § 2254. Hardman is a state prisoner proceeding pro se.

While it appears Hardman could afford to pay the $5.00 filing fee, there is no need to delay resolution of this case while he does so.

Hardman asks this Court to appoint counsel to represent him in filing a petition for postconviction relief in state court. He also challenges the constitutionality of Montana's postconviction procedures. Pet. (Doc. 1) at 4-5 ¶¶ 15A-15B. He also alleges that his counsel on direct appeal was ineffective. *Id.* at 4 ¶ 15A.

None of the claims in Hardman's petition have been exhausted in state court.

Hardman's appeal of the state trial court's denial of his petition for postconviction relief is pending in the Montana Supreme Court. *See Hardman v. State*, No. DA 13-0524 (Mont. Appellant Br. filed Jan. 16, 2014). This action should be dismissed for failure to exhaust state remedies. Dismissal at this time will not prejudice Hardman, as he may refile his federal petition when he can present an exhausted claim. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). A certificate of appealability is not warranted as the petition is wholly unexhausted and the procedural result is clear. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Hardman's petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

2. Hardman's motion to proceed in forma pauperis (Doc. 2) should be DISMISSED AS MOOT.

3. The Clerk should be directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Hardman may object to this Findings and Recommendation within 14 days.[1]

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Hardman must immediate notify the Court of any change in his mailing

address by filing a "Notice of Change of Address." Failure to do so may result in

denial of this case without notice to him.

DATED this 3rd day of February, 2014.

/s/     Carolyn S. Ostby
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.